JOSEPH BILLINGS *vs.* HARRIET N. BILLINGS, Administratrix.

Parol evidence is not admissible to show that a promissory note in the usual form, was intended as a receipt, and that the sum for which the note was given, was in fact a payment by the payee to the maker of an antecedent debt, and not a loan or advancement.

ACTION OF CONTRACT, to recover the amount of two promissory notes, one dated December 19, 1848, for seventy-five dollars; the other dated February 4, 1849, for twenty-five dollars; both signed by Lorenzo Billings, and payable to Joseph Billings, or order, on demand with interest. The defendant admitted the giving of the notes by her intestate;

and relied upon proof of their payment and discharge. She called a witness who testified as follows:

" Lorenzo and Joseph Billings were brothers, and Joseph was a minor at the time said notes were given. Benjamin Billings, their father, died in August, 1847; their mother, Mercy Billings, is still living. Benjamin Billings, at his death, owed Lorenzo $300. Lorenzo died, September, 1850. Joseph said the notes in suit were given for money he gave Lorenzo in payment for what his father owed him—that he had paid to Lorenzo in all $125. Twenty-five dollars of it was money that his mother had collected for rent, and had given him to pay said debt; the other $100 he received from his own work; the $100 was paid in several payments. At one time he said he had paid some money toward what his father owed Lorenzo; I asked him what he got for it, and he said he had not got any thing. I asked him why he did not take a receipt, and he said he did not know as he ought to take one; he said the next time he paid any, he would take a receipt for the whole; I told him Lorenzo might be taken away. After this, he told me that he had paid some more and taken a note for the full amount; he said he was going to pay as fast as he could get it, till he got Lorenzo paid up. I witnessed the following receipt.

"Worcester, March 13, 1851.

" Received of Harriet N. Billings, one hundred and twenty-five dollars, being in full payment of all notes given by Lorenzo Billings, to my son Joseph Billings, while a minor.

MERCY BILLINGS."

The receipt was signed and witnessed in September or October, 1851. The defendant also called a sister of Lorenzo and Joseph Billings, who testified that:

"Joseph became of age July 12, 1850; he was married in November previous. He has several times said it was his intention to pay Lorenzo what was due him from father's estate. After he had made the first payment, he said he had paid up so much toward paying my brother what was owed to him. 1 think I asked if he had any receipt, he said—no. I asked him why. He said nothing was said. After that, he told me he had taken notes, and that he had paid $100. I asked

him why he took the notes, he said it was the way Lorenzo chose to do. I said he ought to have given him a receipt. Joseph said, he supposed the note would answer the same purpose.

Joseph resided in New Ipswich, after our father's death; he stated to me that he came to Worcester to earn money to pay what was due from my father's estate; he stated he was to pay up my brother Lorenzo what was due from father's estate. My mother had a house and some land at New Ipswich. A little time before Joseph was married, I talked some with him. I said to him, if you are going to be married, you will not pay up what you intended to; he said it would make no difference, he should pay it up the same as if he was not married. He had paid $100 at that time toward it. He said he had received twenty-five dollars from mother, to pay to Lorenzo, which she had collected for rent, and that he took a note for it just as the others. I think this payment of mother's was the last one. Joseph never told me that there was an agreement between him and Lorenzo, that Joseph should pay the father's debt, but that he intended at the time he talked with me, to pay it."

The defendant admitted, that in April, 1851, the plaintiff's attorney wrote a letter to the defendant, stating the notes were left with him for collection, which letter he deposited in the post-office in Worcester, where the defendant resided.

Upon this evidence, the presiding judge of the court of common pleas, *Merrick*, J. ruled, that if the plaintiff let said Lorenzo have the money with an intention to apply it in payment of the debt due to him from his father, yet if before it was so applied he concluded to retain it to his own use, he had a right to do so; that the taking of said notes from said Lorenzo, was proof that it had not then been so applied; and therefore, as there was no evidence of any such application subsequently to the making of said notes, the plaintiff had a right to recover their contents of the defendant.

And the judge further ruled, that although the plaintiff was a minor at the time he earned and let the said Lorenzo have the money, and left his mother's house, after his father's death

with her consent and approval, for the purpose of earning the money to pay said debt of his father, to said Lorenzo, yet he had a right, without her consent, to appropriate the money he earned to his own use, and to recover of the defendant the contents of the notes given to him by said Lorenzo therefor. And as to the receipt given by the plaintiff's mother to the defendant, the judge ruled, that if she had authority from the plaintiff to give it, and did give it, upon a settlement with the defendant, and upon a discharge of an equivalent amount of the debt due from the father to said Lorenzo, it was a good and valid discharge of the notes; but if the plaintiff had at any time authorized and empowered his mother to make such settlement, and give such receipt, he had a right, at any time before the authority was executed, to revoke it; and if he did revoke it, and such revocation was known to the defendant when she made a settlement with, and took said receipt from the plaintiff's mother, the receipt was without any validity or binding force upon the plaintiff, although the mother did not know that the plaintiff had revoked the authority and power he had given her.

A question was made upon the trial whether the plaintiff's mother was ever authorized at all by him to act as his agent or attorney in this business. And evidence in the case was relied on, to show that such authority had been given. And the defendant also contended that the relationship between the parties, of mother and child, afforded of itself some evidence that the plaintiff had conferred on her such power and authority. But the judge ruled that such relationship afforded no evidence whatever that such authority had been conferred upon her by the plaintiff.

The verdict was for the plaintiff; and the defendant excepted to the foregoing rulings and instructions.

*F. H. Dewey,* for the defendant.

*G. F. Hoar,* for the plaintiff.

By the Court. This is a suit by a promisee of two small promissory notes, against the administratrix of the promisor. The defendant offered evidence to show, that Joseph Billings, the payee, and Lorenzo Billings, the promisor, were brothers,

that their father was dead, and that Joseph was a minor, sup‑
porting h.mself and taking his own earnings.    There was evi‑
dence offered by the defendant, tending to show that Joseph
paid and delivered out of his earnings, various small sums, and
stated to the witnesses that they were intended to pay the
debt, which the father owed to Lorenzo; that several sums
were thus paid by Joseph without taking any receipt, but
afterwards he took notes of Lorenzo for the sums thus paid,
which are the notes now in suit.    But the defendant con‑
tended that these notes were intended to stand in place of
receipts, and in fact, that the sums of money for which they were
given, were intended as payment of the debt due from the
deceased father.    The court are of opinion, that this evidence
was not competent to show that these sums were pay‑
ments on account of the father's debt, and not loans and ad‑
vances to Lorenzo.    Such evidence is directly repugnant to
the terms of the notes given after the payments were all made,
and is inadmissible to control the operation of the notes.
*Underwood* v. *Simonds*, 12 Met. 275; *Hanchet* v. *Birge*, 12
Met. 545.

And we think the directions of the court were sufficiently
favorable for the defendant.    Supposing the evidence left it
doubtful, whether the plaintiff left the money with Lorenzo,
without any present application to the payment of the debt of
his father, of which giving the note afterwards afforded some
proof, though he may have had some purpose and intent after‑
wards so to apply it, being under no obligation to pay the
debt of his father, but a merely voluntary proposal, taking a
note afterwards was a revocation of that purpose, and pre‑
vented these sums from operating as payment of the father's
debt.    To these instructions we think the defendant cannot
except.                                    *Exceptions overruled.*